UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 05-10314-RGS
CIVIL ACTION NO. 10-11098-RGS

ANDRE JONES

v.

UNITED STATES OF AMERICA

MEMORANDUM AND ORDER ON
PETITIONER'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE

August 6, 2010

STEARNS, D.J.

Andre Jones, a *pro se* litigant, brought this petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Jones contends that he was denied the effective assistance of counsel guaranteed by the Sixth Amendment of the United States Constitution. He argues that his counsel was ineffective by failing: (1) to object to the pre-sentence report (PSR) determination that he qualified as a career offender; and (2) to advise him of the impact the PSR determination would have on his plea bargain and ultimate sentence. For the reason stated below, the petition will be DENIED.

BACKGROUND

On March 8, 2007, Jones pled guilty to one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846. On November 15, 2007, Jones was sentenced to a 168-month term of imprisonment, followed by eight years of supervised release. He filed a timely notice of appeal challenging his conviction and sentence. The First Circuit Court of Appeals rejected the appeal on February 24, 2009. While the appeal was pending, Jones filed a motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and revised U.S.S.G. § 131.10. The motion was denied by this court on February 5, 2009.[1]

---

[1] The court in this regard cited United States v. Caraballo, 552 F.3d 6 (1st Cir. 2008), and noted that it had at sentencing departed substantially below Jones's career offender guideline range of 262-327 months.

See Dkt #135.

## DISCUSSION

Jones's petition is barred by the one-year statute of limitations set out in 28 U.S.C. § 2255(f). It provides that

> [a] 1-year period of limitation shall apply to a motion under this section. The limitation shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Jones has offered no justification for his failure to bring the petition prior to the expiration of the limitation period – he has not cited any of the exceptions contained in subsections (f)(2)-(4) that would have tolled the statute of limitations.

"[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, [section] 2255's one-year limitation period starts to run when the time for seeking such review expires." Clay v. United States, 537 U.S. 522, 532 (2003). See also In re Smith, 436 F.3d 9, 10 n.1 (1st Cir. 2006) (per curiam). A certiorari petition must be filed within 90 days of the appellate court's affirmation of a defendant's conviction. 28 U.S.C. § 2101(c). See also Clay, 537 U.S. at 525. The Court of Appeals affirmed Jones's conviction and sentence on February 24, 2009. The mandate from the Court of Appeals was docketed on March 19, 2009. The 90-day grace period for filing the petition expired on June 19, 2009. Jones filed the petition on June 29, 2010. Consequently, the petition is time-barred as a matter of law.

## ORDER

For the foregoing reason, Jones's motion to vacate his sentence is <u>DENIED</u>.  The petition is <u>DISMISSED</u> with prejudice.  The Clerk may now close the case.

        SO ORDERED.

        /s/ Richard G. Stearns

        _____
        UNITED STATES DISTRICT JUDGE